Brennan, J.
This matter came before the Western Appellate Division on the plaintiff/appellant’s expedited appeal pursuant to District/Municipal Cts. R. A. D. A., Rule 8B. A.M. Miller and Associates (hereinafter, the appellant) filed a complaint against Ralph C. Bledsoe (hereinafter, the appellee) on January 18, 1996, seeking damages totaling $16,126.07. Appellant was represented by counsel and appellee appeared pro se. On or about July 15, 1995 appellant filed a motion for summary judgment and on November 29, 1995 the motion was heard and subsequently allowed in the amount of $12,457.19 with interest in the amount of $1,294.51 and costs in the amount of $139.37 and attorney’s fees in the amount of $2,500.00. Upon receipt of the motion, appellant realized that during the hearing on the motion he had mistakenly informed the judge that the principal amount of damages due was $12,457.19, rather than $16,126.07. Appellants’ counsel filed a motion to amend the judgment to reflect the amount due as $16,126.07 together with “an affidavit as to calculation of prejudgment interest.” On or about March 14, 1996 appellant’s motion to amend judgment was denied. The motion to amend judgment was endorsed “...After reviewing tape of initial hearing and review with Judge Ripps the within motion is hereby DENIED (sic).”
On or about March 25,1996 appellant filed a motion for relief from judgment which was denied on June 14, 1996 with the following notation on the motion "... Matter previously heard by Judge Hodes after discussion with me, and after he listened to the tape. Motion denied.”
Thereafter, appellant filed an expedited appeal to the Appellate Division, claiming to be aggrieved by the denial of the motion for relief from judgment. Appellant relies on Massachusetts District/Municipal Court Rules of Civil Procedure, Rule 60(b) (1), which provides, in part
*63 On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....
The rule clearly states that the Court may relieve a party from final judgment if certain criteria are met. Motions under Rule 60 for relief from judgment or order are addressed to the trial judge’s discretion and, absent a showing of clear abuse of discretion, are not reviewable. Here the burden of proving abuse of discretion lies with the appellant. There is no evidence of abuse of discretion and therefore the judgment is affirmed and the appeal is dismissed.